IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

GARY ALAN GLASS,

  Plaintiff,

   v.        CIVIL NO.: WDQ-12-1901

ANNE ARUNDEL COUNTY,
  *et al.*,

  Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Gary Alan Glass sued Anne Arundel County (the "County") and several police officers[1] for constitutional violations under 42 U.S.C. § 1983.  ECF No. 1.[2]  Pending are defendant Corporal Mark

---

[1] Glass sued individually and in their official capacities: Mark Collier, James E. Teare, Sr., James Scott Davis, Christine Ryder, Brenda Fraser, John Gilmer, and Unknown County Employee X.  ECF No. 1.

[2] Glass alleged six causes of action:

(1)  "False Arrest and False Imprisonment" under 42 U.S.C. § 1983 (Collier and the County);
(2)  "Fabrication of Evidence" under 42 U.S.C. § 1983 (Collier, Employee X, and the County);
(3)  "Bad Faith Concealment of Exculpatory Evidence" under 42 U.S.C. § 1983 (Davis, Ryder, Fraser, and the County);
(4)  "Failure to Implement Appropriate Policies, Customs[,] and Practices" under 42 U.S.C. § 1983 (the County);
(5)  "Conspiracy to Interfere with Civil Rights" under 42 U.S.C. § 1985 (all Defendants); and
(6)  "Neglecting to Prevent Conspiratorial Wrongs" under 42 U.S.C. § 1986 (all Defendants).

ECF No. 1 at 21-35.  On March 14, 2013, the Court granted the motion to dismiss filed by Davis, Gilmer, Ryder, and Fraser,

Collier's motions *in limine*.  ECF Nos. 67, 68, 69 (sealed), 80.
No hearing is necessary.  Local Rule 105.6 (D. Md. 2014).  For
the following reasons, the motions will be resolved as
discussed.

I. Background[3]

    This case arises out of a September 14, 2010 traffic stop
in Davidsonville, Maryland, of which the parties offer
dramatically different accounts.  According to Glass, Collier--
an off-duty County police officer--almost caused a collision
with Glass when he failed to yield the right of way.  ECF No. 57
at 1.  Glass sounded his horn "to warn Collier of the danger."
*Id.*  Collier initiated a traffic stop for improper use of the
horn, but issued Glass a citation for following too closely.
*Id.*  Glass "called 911 for help"; when Collier learned that
Glass had called 911 and a back-up officer was on the way, he
"told the dispatch officer to cancel the back-up."  *Id.* at 2.
After the incident, Collier accessed Glass's "complaint to the
chief of police," and "developed an elaborately falsified

---

dismissing counts three, five, and six.  ECF No. 22.  That day,
the Court also bifurcated the case and stayed the claims against
the County pending resolution of Glass's claims against Collier
and Employee X.  *Id.*  On August 7, 2014, the Court granted
Collier's motion for summary judgment on count two.  ECF No. 55.
On August 11, 2015, trial will proceed on Glass's § 1983 claim
against Collier in count one.  ECF No. 88.

[3] The facts are from the parties' joint proposed pretrial order.
ECF No. 57.

statement about the incident," which he used "to persuade his supervis[or] not to drop the charges," and "recited . . . practically verbatim in traffic court testimony." *Id.*[4]

According to Collier, he had been operating an unmarked police sport utility vehicle when he exited a driveway into westbound Rutland Road. *Id.* Glass "came speeding around a blind curve[,] . . . quickly approached Collier's rear[,] and proceeded to tailgate Collier for . . . [about] 300 yards. *Id.* at 2-3. Collier stopped Glass for "several minutes" and issued a citation for following too closely. *Id.* at 3.

On June 26, 2012, Glass sued the defendants for civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1986. ECF No. 1 ¶ 1. On March 14, 2013, the Court dismissed counts three, five, and six of the complaint and bifurcated and stayed the claims against the County pending resolution of counts one and two against Collier and Employee X. ECF No. 22. On August 7, 2014, the Court granted Collier summary judgment on count two. ECF No. 55.

On April 2, 2015, Collier moved *in limine* to preclude evidence about (1) Glass's payment of attorneys' fees, ECF No. 67, (2) the disposition of Glass's traffic citation, ECF No. 68,

---

[4] Glass was acquitted of the traffic charge. ECF No. 57 at 2; *see also State v. Glass*, Citation No. 0FY86315 (Dist. Ct. for Anne Arundel Cnty).

and (3) allegations of Collier's dishonesty, ECF No. 69.[5]   On
April 27, 2015, Glass opposed the motions.  ECF No. 74.  On May
6, 2015, Collier replied.  ECF No. 75.

On May 12, 2015, Collier moved *in limine* to preclude
statements and claims of false charges, reports, and testimony.
ECF No. 80.  On May 29, 2015, Glass opposed the motion.  ECF No.
84.  On June 12, 2015, Collier replied.  ECF No. 85.  On August
11, 2015, trial will proceed on count one.  ECF No. 88.

II.  Analysis

A.   Legal Standard

Motions *in limine* provide the Court an opportunity to rule
on the admissibility of evidence before it is offered at trial.
*See Luce v. United States*, 469 U.S. 38, 40, 105 S. Ct. 460, 462,
83 L. Ed. 2d 443 (1984).  "A district court's evidentiary
rulings are entitled to substantial deference and will not be
reversed absent a clear abuse of discretion," *i.e.*, when the
district court acts "arbitrarily or irrationally." *United
States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994)(*quoting United
States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)).

Evidence that is not relevant is generally not admissible.
Fed R. Evid. 402.  Evidence is relevant if it has any tendency
to make the existence of any fact of consequence more or less

---

[5] Collier also seeks to preclude cross-examination about
allegations of Collier's dishonesty.  ECF No. 69.

4

probable than it would be without the evidence.  Fed R. Evid.
401. Relevant evidence may be excluded if its probative value is
substantially outweighed by a danger of unfair prejudice.  Fed
R. Evid. 403.  When conducting Rule 403 balancing, courts should
"give the evidence its maximum reasonable probative force and
its minimum reasonable prejudicial value." *E.I. DuPont De
Nemours & Co. v. Kolon Indus., Inc.*, 564 F. App'x 710, 715 (4th
Cir.) *cert. denied*, 135 S. Ct. 439, 190 L. Ed. 2d 352
(2014)(*quoting Deters v. Equifax Credit Info. Servs., Inc.*, 202
F.3d 1262, 1274 (10th Cir. 2000)).

B.   Attorneys' Fees

Collier moves to preclude Glass from introducing evidence
about his attorneys' fees incurred in defending against the
citation in state traffic court as an item of damages.  ECF No.
67 at 1.  In an answer to an interrogatory, Glass stated that he
had incurred about $24,000 in attorneys' fees.  ECF No. 67-1 at
4.[6]  During deposition, Glass testified that he lives with his
attorney, who works for the International Monetary Fund, and
together they own several houses and cars.  ECF No. 67-2 at 4-8.
Glass testified that he "[p]robably" had a copy of the check he
wrote to his attorney.  *Id.* at 5.  When Collier asked him to
produce documents relevant to his claim for attorneys' fees,

---

[6] *See also* ECF No. 67-1 at 8-9 (statement of fees and tasks
performed by Glass's counsel, Brian D. Patterson, Esq.).

Glass responded that he did not have any such documents. ECF Nos. 67-3, 67-4.

Collier argues that Glass's damages are "limited to the time that he was stopped until he was free to go"; thus, attorneys' fees for defending against the traffic citation are not a permissible item of damages. ECF No. 67 at 3. Glass contends that his damages are not limited by the cause of action, and the attorneys' fees are recoverable as a "but-for" consequence of the traffic stop. ECF No. 74 at 4.

Collier relies on *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996) to support his argument that Glass cannot recover damages he incurred after he left the scene of the traffic stop. ECF No. 67 at 3. In *Brooks*, the Fourth Circuit, in the context of determining the timeliness of a claim, stated that "[a] claim of false arrest permitted the recovery of damages from "'the time of detention up until issuance of process[7] or arraignment, but not more,'" 85 F.3d at 181-82 (*quoting Heck v. Humphrey*, 512 U.S. 477, 484, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994)). *Heck* distinguished the common-law causes of action of malicious prosecution and false arrest, finding that, "unlike the related cause of action for

---

[7] "[A] traffic ticket is legal 'process.'" *Mays v. City of E. St. Louis, Ill.*, 123 F.3d 999, 1001 (7th Cir. 1997) *abrogated on other grounds by Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998).

false arrest or imprisonment," malicious prosecution "permits
damages for *confinement* imposed pursuant to legal process," 512
U.S. at 484, 114 S. Ct. at 2371 (emphasis added).  More
recently, the U.S. Supreme Court noted that "a false
imprisonment ends once the victim becomes held pursuant to
[legal] process." *Wallace v. Kato*, 549 U.S. 384, 389, 127 S.
Ct. 1091, 1096, 166 L. Ed. 2d 973 (2007) (emphasis omitted).
Once legal process issues, "any damages recoverable must be
based on a malicious prosecution claim and on the wrongful use
of judicial process *rather than detention* itself."  *Id.* at 390,
127 S. Ct. at 1091 (emphasis added).

Heck and *Wallace* plainly disallow damages for confinement
occurring *after* the issuance of legal process in a false
arrest/imprisonment claim, but it is not clear that they
disallow damages--in this case, attorneys' fees--that may be a
natural consequence of the allegedly unlawful detention that
*precedes* legal process.  *See Memphis Cmty. Sch. Dist. v.
Stachura*, 477 U.S. 299, 307, 106 S. Ct. 2537, 2543, 91 L. Ed. 2d
249 (1986)("[C]ompensatory damages [in a § 1983 suit] may
include . . . out-of-pocket loss and other monetary harms . . .
."); *Malley v. Briggs*, 475 U.S. 335, 345, 106 S. Ct. 1092, 1098,
89 L. Ed. 2d 271 (1986) (Section 1983 "should be read against
the background of tort liability that makes a man responsible
for the natural consequences of his actions.")(*quoting Monroe v.*

*Pape*, 365 U.S. 167, 187, 81 S. Ct. 473, 484, 5 L. Ed. 2d 492 (1961)); *see also Roberson v. United States*, No. 4:09-CV-00491-RBH, 2010 WL 4822325, at \*12 (D.S.C. Nov. 22, 2010)("An injured party is entitled to recover all damages, present and prospective, which are naturally the proximate consequence of the wrongful act."(*citing Smith v. Wells*, 258 S.C. 316, 319, 188 S.E. 2d 470, 471 (1972)).

The Fourth Circuit has not addressed whether § 1983 plaintiffs can recover attorneys' fees incurred in connection with an underlying state criminal proceeding.  Other courts addressing the issue fall into three categories: (1) recognizing the recovery of attorneys' fees without distinguishing between false arrest/imprisonment and malicious prosecution; (2) explicitly recognizing recovery of attorneys' fees in a § 1983 suit for false arrest; and (3) explicitly barring recovery of attorneys' fees in a § 1983 suit for false arrest but allowing same in a suit based on malicious prosecution.

First, in *Kerr v. City of Chicago*, 424 F.2d 1134, 1141 (7th Cir. 1970), the sole case relied on by Glass,[8] the Seventh Circuit formulated a general rule that "[a] plaintiff in a civil rights action should be allowed to recover the attorneys' fees in a state criminal action where the expenditure is a foreseeable result of the acts of the defendant."  Other courts

---

[8] *See* ECF No. 74 at 4.

have arrived at the same conclusion. *See Borunda v. Richmond*, 885 F.2d 1384, 1386, 1389-90 (9th Cir. 1988) ("[E]xpenditures for legal representation during the prior criminal proceeding most assuredly constitute economic harm. The reasonable amount of these expenditures, if proved to the jury's satisfaction to be the consequence of appellants' illegal conduct, is recoverable as compensatory damages."); *Schiller v. Strangis*, 540 F. Supp. 605, 611 (D. Mass. 1982) (Plaintiff's "expenditures for legal representation during these criminal proceedings, if proved to be the consequence of defendants' illegal conduct, are recoverable as compensatory damages in this action" for an unlawful arrest); *Lykken v. Vavreck*, 366 F. Supp. 585, 597 (D. Minn. 1973) ("This court has no quarrel with the proposition that attorneys' fees actually incurred in a criminal proceeding as a foreseeable result of the defendant's acts may well be properly recoverable as an element of actual damages in an action under § 1983.") (declining to award attorneys' fees because plaintiff had received free representation during the criminal case).[9]

---

[9] *See also Guerrero v. Deane*, No. 1:09CV1313 JCC/TCB, 2012 WL 3834907, at *10 (E.D. Va. Sept. 4, 2012)(*citing Kerr* for the proposition that "attorneys' fees actually incurred in a criminal proceeding as a foreseeable result of the defendant's acts may well be properly recoverable as an element of actual damages in an action under § 1983" and allowing testimony and evidence about attorneys' fees, but declining to rule in the

Second, in *Rogers v. Cofield*, No. CIV.A. 08-10684-MBB, 2011 WL 6140974, at *27 (D. Mass. Dec. 8, 2011), the District of Massachusetts noted that "section 1983 damages do not include the temporal limitation of a common law false arrest claim but instead frame the limitation as to damages in terms of causation and the natural and probable consequences of the misconduct." Because "the purpose of section 1983 is to afford vindication to persons deprived of their constitutional rights," the Court held that damages in a § 1983 false arrest claim encompasses legal fees from the underlying criminal proceeding. *Id.* at *27-*28.

Finally, in *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243, 1251-52 (D.N.M. 2009), the District of New Mexico held that a plaintiff pursuing a § 1983 claim based on an illegal search could recover attorneys' fees incurred during a subsequent criminal proceeding; however, the Court distinguished an earlier case from that Court holding that "attorney's fees incurred during the criminal trial are not recoverable under a [§ 1983] claim of false arrest" by simply noting that, in the instant case, the plaintiff had not asserted a § 1983 claim for

---

context of a motion *in limine* whether such fees are recoverable).

false arrest. *Id.* at 1254-55 (*citing Taylor v. Hudson*, Civ. No. 02-0775, Memorandum Opinion and Order at 4-6 (D.N.M. 2003)).[10]

Neither party has persuasively argued which of the above three approaches this Court should adopt. However, the weight of the above-described persuasive authority favors the allowance of the recovery of attorneys' fees incurred during an underlying state action as an item of damages in a § 1983 suit *provided* that the plaintiff demonstrates that the attorneys' fees were a "natural consequence" of the unlawful conduct. *See Monroe*, 365 U.S. at 187, 81 S. Ct. at 484.[11] The Court is not persuaded that *Wallace* and *Heck*--which bar damages for post-legal process confinement in a § 1983 false arrest claim--necessarily bar such plaintiffs from obtaining damages for out-of-pocket expenses incurred after legal process issues but which were a foreseeable

---

[10] The basis for this distinction is unclear, however, given the Court's broad statement that "a plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for *all injuries* suffered as a consequence of those deprivations," which appears to include plaintiffs establishing constitutional deprivations based on false arrest. *See Train*, 629 F. Supp. 2d at 1251 (emphasis added).

[11] *Cf. Jenkins v. Averett*, 424 F.2d 1228, 1233 (4th Cir. 1970)(stating, in the context of deciding whether § 1983 plaintiff must prove intent to injure, that "constricting the possibility of recovery under section 1983 is consistent with neither the plain language of the act nor the mandate to read it 'against the background of tort liability that makes a man responsible for the natural consequences of his actions.'")(*quoting Monroe*, 365 U.S. at 187, 81 S. Ct. at 484).

consequence of the allegedly unlawful detention that preceded legal process. *Wallace* addressed when a § 1983 claim for false arrest/imprisonment accrues,[12] and *Heck* addressed whether a § 1983 plaintiff suing for unconstitutional conviction or imprisonment or other harm that would render a sentence invalid must prove that the sentence has been invalidated;[13] neither case addressed the full scope of available damages. Although a § 1983 malicious prosecution plaintiff must prove that an unreasonable seizure occurred *and* favorable termination of criminal proceedings,[14] whereas a § 1983 false arrest plaintiff must only prove unreasonable seizure,[15] attorneys' fees to defend against criminal charges are not more probable or foreseeable in the case of the defendant who later sues for malicious prosecution. For that reason, the purpose of § 1983--which is to vindicate the rights of persons who have been deprived of their constitutional rights[16]--merits adherence to the general rule that a § 1983 plaintiff may recover for monetary harms

---

[12] 512 U.S. at 477, 114 S. Ct. at 2367.

[13] *Id.* at 397, 127 S. Ct. at 1100.

[14] *See Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012).

[15] *See Terry v. Ohio*, 392 U.S. 1, 8, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *Whren v. United States*, 517 U.S. 806, 812, 116 S. Ct. 1769, 135 L.Ed.2d 89 (1996); *United States v. Williams*, 740 F.3d 308, 313 (4th Cir. 2014).

[16] *See Rogers*, 2011 WL 6140974, at *28; *Kerr*, 424 F.2d at 1141.

12

proximately caused by the offending person. *See Memphis Cmty. Sch. Dist.*, 477 U.S. at 307, 106 S. Ct. at 2543, *Malley*, 475 U.S. at 345, 106 S. Ct. at 1098.   Glass will not be barred from offering evidence of attorneys' fees.

Collier alternatively seeks to preclude Glass from seeking attorneys' fees because he has not produced evidence that he paid the fees; thus, Collier argues that he would be prejudiced by Glass's "self-serving statement" that he paid the fees.   ECF No. 67 at 4.   Collier further argues that Glass has not designated an expert to testify to the fees' reasonableness. ECF No. 67 at 4-5.   Glass has not responded to Collier's proof-based argument.   *See* ECF No. 74 at 3-4.

Under Rule 403, relevant evidence "should be excluded only sparingly."   *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996).   Collier is, of course, free to inquire on cross-examination about the apparent unavailability of evidence establishing fee payment; thus, he will not be unfairly prejudiced by Glass's testimony.   *See E.I. DuPont De Nemours & Co.*, 564 F. App'x at 715 (courts conducting Rule 403 balancing should give evidence its "minimum reasonable prejudicial value").   Further, Collier has not cited authority for the proposition that Glass must rely on an expert witness to prove the fees' reasonableness.   Glass bears the burden of proving that Collier proximately caused his attorneys' fees (including

13

the amount) by a preponderance of the evidence. *See Roberson*, 2010 WL 4822325, at *12. It would be premature for this Court to decide whether Glass has met--or will meet--his burden. Collier's motion will be denied.[17]

B.   Disposition of Traffic Citation

Collier seeks to preclude Glass offering evidence that he had been acquitted of the traffic charge. Collier argues that the acquittal is not relevant because a § 1983 false arrest claim does not require Glass to prove favorable termination of the proceedings and the criminal case proceeded under a different evidentiary standard--beyond a reasonable doubt. ECF No. 68 at 2-3. Collier further argues that he would be unfairly prejudiced by the evidence and that it may confuse the jury into finding that he lacked legal justification to initiate the traffic stop. *Id*. at 3. Glass argues that his acquittal is relevant to proving damages and "to provide the full and accurate context for the procedural history of the charge," and that precluding the evidence might invite "the jury to speculate on the disposition." ECF No. 74 at 5-6. Glass proposes that a limiting instruction is more appropriate than excluding evidence of his acquittal. *Id*.

---

[17] The Court will, however, entertain a motion for an instruction limiting the jury's consideration of attorneys' fees when it has received all evidence on the issue and can properly determine whether Glass has met his burden sufficient to send the issue of attorneys' fees to the jury.

Collier relies on the general rule recognized in the Fourth Circuit in the context of suits by an insured for fire insurance proceeds that "evidence of acquittal in a criminal action is not admissible in a civil action involving the same or similar facts." *Royal Exch. Assur. v. Fraylon*, 228 F.2d 351, 354 (4th Cir. 1955); *see also Rabon v. Great Sw. Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987)("[A] federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his non-prosecution or acquittal on related criminal arson charges."); *McSweeney v. Utica Fire Ins. Co. of Oneida Cnty., N. Y.*, 224 F.2d 327, 328 (4th Cir. 1955).

Glass relies on *Shannon v. Koehler*, No. C 08-4059-MWB, 2011 WL 10483363, at *8 (N.D. Iowa Sept. 16, 2011) and *Cardinal v. Buchnoff*, No. 06CV0072-MMA BLM, 2010 WL 3339509, at *3 (S.D. Cal. Aug. 23, 2010), both cases in which courts permitted the plaintiff to introduce evidence about the disposition of criminal charges. In *Shannon*, however, the defendants sought to introduce evidence of prior convictions; thus, the Court concluded that evidence of an acquittal was permissible subject to a limiting instruction. 2011 WL 10483363 at *14. In *Cardinal*, the Court noted that the jury would hear testimony about the plaintiff's arrest, suspicion that he had engaged in elder abuse, and had interfered with an officer's duties. 2010

WL 3339509 at *3. The Court found that "excluding dismissal evidence allows the jury to speculate that [the plaintiff] was guilty of interfering with the performance of an officer's duties, an assumption that directly prejudices Plaintiffs' unlawful arrest and use of excessive force claims." *Id*.

Neither *Shannon* nor *Cardinal* is persuasive. Collier is not seeking to admit evidence of convictions, and Glass's traffic citation for following too closely does not implicate the same concerns as interfering with an officer's duties. Glass further relies on *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988), which declined to find an abuse of discretion when the district court permitted evidence of an acquittal for the purpose of proving damages. The Ninth Circuit's ruling was hardly resounding:

> [t]his court would have been inclined to exclude the evidence of acquittals altogether. The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests. The state's failure to prove guilt beyond a reasonable doubt does not mean in connection with the arrests that it did not meet the lesser probable cause standard—a reasonable belief that an offense has been committed and that the criminal defendant committed the crime.

*Id*. at 1389 (internal citation omitted). This Court agrees. Regardless of whether Glass was acquitted of the traffic citation, he must establish that Collier lacked legal justification for the traffic stop; if he does, then he may be

16

entitled to proven damages. Courts routinely exclude evidence of acquittals because of the substantial possibility that the evidence may confuse or mislead jurors who lack awareness about the differences between the legal proceedings in a state criminal action and federal civil action. *See, e.g.*, *Estate of Moreland v. Dieter*, 395 F.3d 747, 755 (7th Cir. 2005); *Donald v. Rast*, 927 F.2d 379, 381 (8th Cir. 1991); *McGown v. Arnold*, No. 1:13-CV-148, 2014 WL 5502612, at *6 (N.D. Ind. Oct. 30, 2014); *Leonelli v. City of Kendallville*, No. 1:07CV121, 2008 WL 3874701, at *17 (N.D. Ind. Aug. 15, 2008); *see also Royal Exchange Assur.*, 228 F.2d at 354. The Court will grant Collier's motion; however, the Court will consider an instruction directing the jury not to speculate about Glass's innocence or guilt as to the traffic citation should either party propose one. *See Kerr*, 424 F.2d at 1139.

    D.   Allegations of Dishonesty

Collier seeks to exclude Glass from introducing extrinsic evidence of an allegation of dishonesty or from inquiring into the underlying incident on cross-examination. ECF No. 69 at 2-5. During a deposition, Collier stated that, in April 2005, he had resigned from the State Police training academy after being

"accused of cheating on a written test"; Collier "denies the allegation." *Id.* at 2.[18]

> Under Fed. R. Evid. 608(b):

> [E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

Misconduct that is probative of truthfulness includes "perjury, fraud, swindling, forgery, bribery, and embezzlement." *United States v. Leake*, 642 F.2d 715, 718 (4th Cir. 1981).  However, "[m]ere accusations of prior misconduct inherently have little probative value.  They are, after all, 'both unproven and unconnected to th[e] [instant] case.'"  *United States v. Harris*, 551 Fed. App'x 699, 706 (4th Cir. 2014) (*quoting United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993)); *see Custis*, 988 F.2d at ("Admissibility under Rule 608(b) is subject to the balancing test of Rule 403.")("unproven" allegations of perjury in an unrelated case insufficient "newly discovered evidence" to set aside a jury's verdict).  Mere allegations may be probative

---

[18] Collier testified that someone thought he had been looking over another person's shoulder; however, he had given his book to someone, and had looked over their shoulder during the open book exam to retrieve his book.  ECF No. 69-1 at 7.

of credibility if they establish a "pattern of fraudulent activity." *Leake*, 642 F.2d at 719.

The Advisory Committee Notes to Rule 608(b) caution courts that although "[e]ffective cross-examination demands that some allowance be made for going into matters of this kind, . . . the possibilities of abuse are substantial.  Consequently[,] safeguards are erected in the form of specific requirements that the instances inquired into be probative of truthfulness or its opposite and not remote in time."  "The purpose of Rule 608(b) 'is to prohibit things from getting too far afield—to prevent the proverbial trial within a trial.'"  *United States v. Edwards*, No. 11CR161-1, 2012 WL 1119875, at * 3 (M.D.N.C. 2012); (*quoting United States v. Bynum*, 3 F.3d 769, 772 (4th Cir. 1993)).[19]

Glass contends that "Collier admitted that he resigned after he was caught cheating, so there is no risk of fact-finding detours to determine whether these acts occurred."  ECF No. 74 at 8.  To the contrary, Glass's mischaracterization of Collier's testimony demonstrates the potential for jury confusion and unfair prejudice.  Further, Glass has not explained how a ten-year old allegation of cheating on a test is

---

[19] *See also United States v. Alston*, 626 F.3d 397, 404 (8th Cir. 2010) ("The purpose of the rule is 'to avoid holding mini-trials on peripherally related or irrelevant matters.'")(*quoting King v. Ahrens*, 16 F.3d 265, 269 (8th Cir. 1994)).

relevant to whether Collier had legal justification for initiating the traffic stop. *See King*, 16 F.3d at 269-70 (dissimilarity of circumstances surrounding eight-year old medical license suspension to instant case favored finding that unfair prejudice outweighed probative value of inquiry).  Glass relies on *United States v. Whitehead*, 618 F.2d 523, 528-29 (4th Cir. 1980), where the Fourth Circuit affirmed the district court's decision to permit cross-examination of the defendant about his five-year old suspension from the Virginia state bar during his trial on bribery charges.  There, however, the Court noted that before "the enactment of the Federal Rules of Evidence, disbarment or suspension of an attorney was uniformly considered to be a proper subject for impeachment."  *Id*. at 529. Moreover, the defendant had not been merely accused of "conduct involving deceit or misrepresentation," but had been suspended, presumably after an investigation.  *Id*.  In contrast, here, the Court is presented with one decade-old allegation unrelated to the facts of this case; any minimal probative value it has is outweighed by the danger of unfair prejudice.  *See Harris*, 551 Fed. App'x at 706.  *Cf. Leake*, 642 F.2d at 719 (witness's indictment for obtaining money under false pretenses, arrest warrant for defrauding an innkeeper, and default judgments seeking repayments of loans "placed [his] credibility in question").  Collier's motion will be granted.

E.   Statements and Claims of False Charges, Reports, and
Testimony

Collier seeks to preclude Glass from asserting at trial
that Collier "issued false charges, made a false police report,
and gave false testimony at trial of the traffic citation."  ECF
No. 80 at 1.  Collier argues that "what charges were ultimately
issued and what transpired in pursuit of them" is irrelevant to
his legal justification for the traffic stop.  Glass contends
that evidence about Collier's acts after the traffic stop are
admissible under Federal Rule of Evidence 404(b) because they
"tend[] to prove Collier's absence of mistake and his
consciousness of guilt."  ECF No. 84 at 2.[20]  Glass further
argues they are relevant to his damages and "Collier's
credibility and character for truthfulness."  *Id.* at 8-10.
Collier does not dispute that prior inconsistent statements may
be used to impeach his credibility, "but generalized theories of
a cover-up and conspiracy in order to effectuate the charges"
are irrelevant.  ECF No. 85 at 4; *see also* ECF No. 80 at 3.
Collier contends that Glass lacks a good faith basis to inquire
about instances of other conduct.  ECF No. 85 at 2.

---

[20] Glass contends that Collier will insist at trial that even if
he lacked a legal basis for stopping Glass, the "mistake was
honestly made"; thus, Glass wants to use Collier's alleged false
statements to counter the "defense of honest mistake."  ECF No.
84 at 4.

Under Federal Rule of Evidence 404(b)(1), evidence of a crime, wrong, or other act is inadmissible to prove a person's "character," in order to show that on a particular occasion, the person acted in accordance with the "character."  However, under Rule 404(b)(2), such evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  To be admissible under Rule 404(b)(2),

> [t]he evidence must be (1) relevant to an issue, such as an element of the offense; (2) necessary in the sense that it is probative of an essential claim or an element of the offense; (3) reliable; and (4) admissible under Federal Rule of Evidence 403, in that its prejudicial nature does not substantially outweigh its probative value.

*United States v. Mohr*, 318 F.3d 613, 617-18 (4th Cir. 2003) (internal quotation marks, citation, and alteration omitted).[21]

Glass proffers several items of evidence submitted at the summary judgment stage, including statements by Collier's expert witness, Collier's handwritten note, an interview of Collier, Glass's affidavit, an email by another officer, and radio recordings, which he contends will show that Collier made false statements and gave false testimony, thus proving that the stop

---

[21] Necessity must be analyzed in light of other available evidence.  *United States v. Lighty*, 616 F.3d 321, 354 (4th Cir. 2010).  Evidence is reliable "unless it is so preposterous that it could not be believed by a rational and properly instructed juror."  *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (*quoting Aramony*, 88 F.3d at 1378).

had been unjustified at its inception and unnecessarily
prolonged. *See* ECF No. 84 at 5-6.[22]  However, Collier does not
challenge the admission of certain evidence, but Glass's
*assertions* of false statements, false testimony, and conspiracy
to effectuate the traffic charge.  At bottom, Collier contends
that the assertions are irrelevant.  However, "[r]elevance is
typically a low bar" to admissibility.  *Jones v. Ford Motor Co.*,
204 F. App'x 280, 283 (4th Cir. 2006).  Although an officer's
subjective motive for a traffic stop is irrelevant to its
legality,[23] Collier's conduct following the traffic stop is
relevant to whether, objectively, he had reasonable suspicion to
make the stop.[24]  *Cf. United States v. Martindale*, 790 F.2d 1129,
1132-33 (4th Cir. 1986) (in the context of a criminal case,
"exculpatory statements of the defendant, if shown to be false
and fabricated, are clearly admissible to prove . . .
consciousness of guilt.")(internal quotation marks and citations
omitted).  Further, Collier's credibility is a key issue in this

---

[22] At the summary judgment stage, this Court found a genuine
dispute of material fact about whether Collier fabricated
evidence. *See* ECF No. 54 at 30.  However, the Court granted
Collier summary judgment on Glass's fabrication of evidence
claim (count two) because there was no evidence the allegedly
fabricated evidence caused a constitutional violation. *Id.* at
32.

[23] *Ohio v. Robinette,* 519 U.S. 33, 39, 117 S. Ct. 417, 136 L. Ed.
2d 347 (1996).

[24] *See id.*

case; evidence that he made false statements in connection with the traffic stop would be probative of his credibility. *See United States v. Green*, 617 F.3d 233, 251 (3d Cir. 2010) ("[E]vidence concerning a witness's credibility is always relevant, because credibility is always at issue."). Accordingly, it would be inappropriate for this Court to bar Glass from arguing his theory of the case; Collier's motion will be denied.

## III. Conclusion

For the reasons stated above, Collier's motions *in limine* to preclude evidence about attorneys' fees and claims and statements of false charges, reports, and testimony will be denied; his motions *in limine* to preclude evidence about the disposition of the traffic citation and allegations of dishonesty will be granted.

_____7/30/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge